UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FASTWARE, LLC | Civil Action No. 09-1530 (JLL) |
| Plaintiff(s), | ORDER |
| v. | |
| GOLD TYPE BUSINESS MACHINES, INC., ET AL. | |
| Defendant(s). | |

  **THIS MATTER** comes before the Court by way of Defendants' Motion to Confirm In Part and Modify or Vacate In Part the Arbitration Award Memorializing the Parties' Settlement Agreement (CM/ECF Docket Entry No. 90.) Plaintiffs opposed the motion and filed a Cross-Motion to Vacate Part of the Second Award. (CM/ECF Docket Entry No. 95.) The Court has reviewed the parties submissions and finds that:

1.  On January 18, 2010, the parties participated in a mediation session before the Hon. John M. Boyle, J.S.C. (Ret.) and reached a settlement of this matter. (Pl. Mem. of Law in Supp. of Mot. to Confirm in Part and Modify or Vacate in Part the Arb. Award at 5.) The parties placed the terms of the settlement on the record and counsel agreed to memorialize the terms in a written settlement agreement. (Id.) The parties ultimately could not agree upon the language to be included in the settlement agreement and returned to Judge Boyle to arbitrate the disputed terms. (Id.) In May 2010, Judge Boyle issued an arbitration award. (Id.) That award was modified in July 2010. (Id.) The parties now move before the Court to confirm in part and challenge in part Judge Boyle's arbitration award.

2.  Judge Boyle presided over both the mediation of this matter and the arbitration of the disputed settlement terms. In so doing, Judge Boyle was privy to the parties' respective settlement positions and gained a meaningful understanding of the parties' intent in reaching the terms of the settlement. Accordingly, inasmuch as Judge Boyle mediated this matter to settlement, he is uniquely situated to preside over any dispute related thereto.

3.  In addition, pursuant to Local Civil Rule 301.1(d), the Court has discretion to

       refer to mediation any civil action. Given that the parties' have participated in mediation before Judge Boyle and have reached a nearly complete resolution of this case, the Court is satisfied that this matter would benefit from additional proceedings before Judge Boyle.

3.     Given the Court's authority to manage its docket, and in the interest of judicial economy and for good cause shown, the Court finds that the parties' should return to Judge Boyle to resolve the disputes arising out of the mediation and arbitration of this matter.

Accordingly, for the reasons set forth above, **IT IS** on this 9th day of November, 2010

    **ORDERED** that the parties shall return to Judge Boyle to resolve the disputes arising out of the mediation and arbitration of this matter. Upon receipt of this Order, counsel shall immediately contact Judge Boyle to schedule a session before him; and it is further

    **ORDERED** that Defendants' Motion to Confirm In Part and Modify or Vacate In Part the Arbitration Award Memorializing the Parties' Settlement Agreement (CM/ECF Docket Entry No. 90) and Plaintiffs' Cross-Motion to Vacate Part of the Second Award (CM/ECF Docket Entry No. 95) are **denied without prejudice** pending the disposition of this matter by Judge Boyle.

                                                      *s/ Claire C. Cecchi*
                                                     **HON. CLAIRE C. CECCHI**
                                                     **United States Magistrate Judge**