NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FASTWARE, LLC, a New Jersey Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>GOLD TYPE BUSINESS MACHINES, a New Jersey Corporation, and RICHARD PICOLLI<br><br>    Defendants. | Civil Action No.: 09-1530 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

  This matter comes before the Court on Defendants' motion to vacate in part and confirm in part the arbitration award of the Honorable John M. Boyle, Plaintiff's motion to compel compliance with the Court's order, and Defendant's motion for sanctions. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, all pending motions are denied.

**A. Motion to Vacate in Part and Confirm in Part the Arbitration Award of the Hon. John M. Boyle**

  The movant bears the burden of proving that the arbitration award should be vacated. Handley v. Chase Bank, 387 Fed. Appx. 166, 168 (3d Cir. 2010) (citing Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003)) ("The party seeking to overturn an award bears a heaving burden as these are 'exceedingly narrow circumstances.'"). This Court may not vacate an arbitration

award merely because it views the merits of the claims differently or because the Court feels that the arbitrator made a factual or legal error.  See e.g., Major League Umpires Ass'n v. American League of Professional Baseball Clubs, 357 F.3d 272, 279 (3d Cir. 2004).  Thus, arbitration awards are entitled to a strong presumption of correctness, which can only be overcome in extremely narrow circumstances.

  Section 10(a) of the Federal Arbitration Act ("FAA") provides that a Court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrator;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

  The Third Circuit has recognized certain common law grounds for vacating an arbitration award.  Vacatur has been permitted if the award is completely irrational.  See e.g., Mutual Fire, Marine, & Inland Ins. Co. v. Norad Reinsurance Co. Ltd., 868 F.2d 52, 56 (3d Cir. 1989).  In order to vacate an arbitration award on such grounds, there must be absolutely nothing in the record to justify the arbitrator's decision.  See e.g. News America Publications, Inc. Daily Racing Form Division v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990).  An arbitrator's manifest disregard for the law is sufficient to vacate an arbitration award.  See e.g., Tanoma Min. Co., Inc. v. Local Union 1269, United Mine Workers of America,, 896 F.2d 745, 749 (3d Cir. 1990). Manifest disregard for the law involves something more than a legal error — the arbitrator must have been "'fully aware of the existence of a clearly defined governing legal

principle, but refused to apply it, in effect, ignoring it.'" Westra Constr., Inc. v,. United States Fid. & Guar. Co., 2007 WL 1031438 at *2 (M.D. Pa. Mar. 29, 2007) (quoting Black Box Corp. v. Markham, 2005 WL 546649 at *2 (3d Cir. Mar. 29, 2005)).

    Lastly, arbitration awards may be vacated if they violate clearly defined and dominant public policy as "ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." Eastern Associated Coal Corp. v. United Mine Workers of America, 531 U.S. 57, 62-63 (2000); see also, Arco Enters. v. Operative Plasterers' & Cement Masons Int'l Ass'n, Local No. 31, 124 Fed. Appx. 710, 2005 WL 256342 at *2 (3d Cir. Feb. 3, 2005) (indicating that arbitration awards may be vacated when such conflict with public policy).

    GTBM seeks to vacate Judge Boyle's ruling that although Fastware agreed to give GTBM source code for InfoCop software, it did not agree to give GTBM the source code for software that permits InfoCop to be converted into a different product named InfoCop so that the software can legally be sold as a separate and differently-functioning product to private corporations and other other non-law enforcement entities rather than to police departments. However, absent a showing that this finding is a completely irrational deviation from the record, this Court is not in a position to vacate it. Rather, it is clear that Judge Boyle's decision is grounded in the record, and whether this or any other Court might have decided the matter differently, is irrelevant for the purposes of this analysis. Therefore, GTBM's motion to vacate in part is denied and Judge Boyle's award is confirmed in its entirety.

    **B.**    **Motion to Compel Compliance with the Court's Order**

    Plaintiff seeks to compel compliance with the Court's May 15, 2009 and February 23, 2011 Order. This Court's May 15, 2009 directed GTBM to pay Fastware "any outstanding license

fees using the historical license rate discussed in this Court's Opinion and to pay future license fees to Plaintiff in accordance with Defendants representations to this Court." In its February 23, 2011 Order, this Court confirmed that the 2009 Order remains in effect "since this action has not yet been dismissed."

On July 22, 2011, the Parties executed a formal written Settlement Agreement intended to memorialize the on-the-record settlement agreement of January 18, 2010. By way of agreement, Fastware released GTBM from all claims that were or could have been alleged in this dispute. On July 18, 2011, pursuant to Rule 41(a), Fastware and GTBM filed a fully executed Joint Stipulation of Dismissal providing that "[e]xcept [for the Inventorship Claim (*see footnote 1 above*) ], all claims . . . asserted in this action are dismissed with prejudice . . ." This Court "So Ordered" the Stipulation, but not before <u>crossing out</u> the provision stating that this Court would retain jurisdiction to enforce the terms of the Settlement Agreement.

This Court lacks jurisdiction to hear this motion for two reasons. A Rule 41(a) Stipulation of Dismissal "does not require the approval or any order by the court," and divests the court of jurisdiction over the action. <u>In re Equivest St. Thomas, Inc.</u>, 2007 WL 517672 *3 (D. Vi. Feb. 8, 2007). Thus, this Court was technically divested of jurisdiction over the action as of the execution of the Stipulation. Further, even if a Stipulation of Dismissal did not automatically divest the Court of jurisdiction, this Court affirmatively declined to retain jurisdiction to enforce the terms of the Settlement Agreement, as evidenced by this Court's markings on the Stipulation prior to its filing. Accordingly, Fastware's motion to compel is denied.

      **C.     Motion for Sanctions**

Defendant brings a motion for sanctions against Plaintiff arguing that Plaintiff's motion to compel is not grounded in sound law or fact. Rule 11 states, in pertinent part, that:

> [b]y presenting to the court a pleading . . . an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Fed. R. Civ. P. 11.  The rule imposes on counsel a "duty to look before leaping," Lievl v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986)).

In the Third Circuit, the legal standard to be applied when evaluating conduct alleged to violate Rule 11 is "reasonableness under the circumstances."  Brubaker Kitchens, Inc. v. Brown, 280 Fed. Appx. 174, 184 (3d Cir. 2008) (internal citations omitted).  Reasonableness is "an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact."  Ford Motor Co. v. Summit Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991).  The decision to grant a motion for sanctions is within the discretion of the trial judge.  See Thomas & Betts Corp. v. Richards Mfg. Co., 342 Fed. Appx. 754, 762 (3d Cir. 2009).

Under the complex factual and procedural circumstances of this case, the Court finds that Plaintiff's motion to compel was not so unreasonable as to warrant sanctions.  Accordingly, Defendant's motion for sanctions is denied,

**CONCLUSION**

For the reasons set forth above, Defendant's motion to motion to vacate in part and confirm in part the arbitration award of the Honorable John M. Boyle is denied, Plaintiff's motion to compel compliance with the Court's order is denied, and Defendant's motion for sanctions is denied.  An appropriate order accompanies this Opinion.


DATED: January 5, 2012

/s/ Jose L. Linares
JOSE L. LINARES, U.S.D.J.